## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **INFRASHIELD, Incorporated** | * | |
| **A Delaware Corporation with its** | | |
| **Principal Place of Business in Maryland** | * | |
| **245 W. Chase Street** | | |
| **Baltimore, Maryland 21201** | * | **CASE NO.**  1:26-CV-1423 |
|     **Plaintiff** | | |
| | * | |
| **v.** | | |
| | * | |
| **OPSWAT, Inc.** | | |
| **A Florida Corporation with its** | | |
| **Main Office in Tampa, Florida** | | |
| **5411 Skycenter Drive** | | |
| **Suite 900** | | |
| **Tampa, FL 33607** | | |
|     **Defendant** | | |

         *     *     *     *     *     *     *

## COMPLAINT FOR TRADEMARK INFRINGEMENT

### I.  INTRODUCTION

1.      Plaintiff, Infrashield, Incorporated (hereinafter "Infrashield"), by and through counsel, William McComas , William C. Parler, Jr., Alexander Koronias, and The Law Offices of Jensen & McComas, LLC, brings this cause of action against Defendant, OPSWAT, for trademark infringement and in support thereof, states as follows.

### II.  JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 15 USCS § 1121 because this action arises under the trademark laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051 et seq.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Infrashield is a Delaware Corporation with its principal offices located at 245 W. Chase Street, Baltimore, Maryland 21201.

4.      This Court has personal jurisdiction over Defendant OPSWAT because it conducts business in the State of Maryland, and it has applied to register a trademark: "Protecting the World's Critical Infrastructure" that will infringe upon Infrashield's previously registered trademark: "Protecting the World"  and will infringe upon Infrashield's long established common law trademark rights and it unfairly competes with Infrashield by falsely associating itself with Infrashield.

### III.  FACTUAL ALLEGATIONS

5.      Infrasheild alleges it owns the registered trademark protecting the world and various common law trademarks (collectively, as used in this revision, the infrashield mark). See Infrashield web site at:    https://www.infrashield.com/ demonstrating Infrashield's use of its registered trademark.  Link to website attached hereto as "Exhibit 1".

6.      Infrashield uses the Infrashield Mark in connection with, among other services, computer security services.

7.      The Infrashield Mark is a valid and enforceable trademark.

8.      Infrashield has invested substantial time, effort, and resources in developing goodwill and consumer recognition associated with the Infrashield Mark.

9.      Infrashield alleges OPSWAT is using the mark "Protecting the World's Critical Infrastructure" (the "OPSWAT Mark") in connection with computer security services.

10.      The OPSWAT Mark is confusingly similar to the Infrashield Mark.

11.      Infrashield alleges OPSWAT's use of the OPSWAT Mark has caused, and is likely to continue to cause confusion, mistakes, or deception among consumers seeking the computer security services of Infrashield due to OPSWAT's improper use of Infrashield's "Protecting the World" Mark.

12.    OPSWAT's use of the OPSWAT Mark has caused and continues to cause actual confusion among consumers seeking computer security services.

13.    As a result of OPSWAT's infringing use of the OPSWAT Mark, Infrashield alleges it has suffered and continues to suffer significant damages to its business, reputation, and goodwill.

14.    Infrashield alleges OPSWAT's conduct is causing irreparable harm to Infrashield for which there is no adequate remedy at law.

## COUNT I.:  TRADEMARK INFRINGEMENT

15.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.    OPSWAT's use of the OPSWAT Mark constitutes trademark infringement in violation of Section 32 of the Lanham Act. 15 USCS § 1114.

17.    OPSWAT is using in commerce a reproduction, copy, or colorable imitation of Infrashield's  registered mark in connection with the sale, offering for sale, distribution, or advertising of computer security services. 15 USCS § 1114.

18.    OPSWAT's use of the OPSWAT Mark is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of OPSWAT's services. 15 USCS § 1114.

19.    OPSWAT's infringing conduct has caused and continues to cause Infrashield to suffer damages including lost profits, loss of goodwill, and damage to its reputation.

20.    OPSWAT's infringing conduct is willful and deliberate.

21.    Infrashield is entitled to recover damages, including disgorgement of OPSWAT's profits, Infrashield's actual damages, and the costs of this action. 15 USCS § 1114.

22.     Infrashield is entitled to injunctive relief prohibiting OPSWAT from further use of the infringing mark.

23.     For purposes of Lanham Act trademark infringement and unfair competition claims under Sections 32(1) and 43(a), OPSWAT's use of a colorable imitation of Infrashield's Registered and protectible trademark has caused  and  is  likely  to  continue to cause confusion among consumers. *Ray Communs., Inc. v. Clear Channel Communs., Inc.*, 673 F.3d 294 (4th Circuit, 2012).

### COUNT II.:  COMMON LAW TRADEMARK INFRINGEMENT
### MARYLAND COMMON LAW

24.     Infrashield incorporates by reference the allegations set forth in Paragraphs 1 through 22 as if fully restated herein.

25.     Infrashield alleges it owns various common law trademarks.

26.     Infrashield alleges OPSWAT is using the OPSWAT Mark in connection with computer security services.

27.     Infrashield alleges OPSWAT's use has caused and is likely to continue to cause confusion, mistakes, or deception among consumers seeking Infrashield's computer security services.

28.     Infrashield alleges it has suffered and continues to suffer significant damages to its business, reputation, and goodwill as a result of OPSWAT's conduct.

29.     By reason of the foregoing, OPSWAT is liable to Infrashield for common law trademark infringement.

30.     Infrashield incorporates by reference the allegations set forth above as if fully

restated herein.

31.    Infrashield alleges OPSWAT is using the OPSWAT Mark in connection with computer security services.

32.    Infrashield alleges OPSWAT's use has caused and is likely to continue to cause confusion, mistakes, or deception among consumers seeking Infrashield's computer security services.

34.    Infrashield alleges it has suffered and continues to suffer significant damages to its business, reputation, and goodwill as a result of OPSWAT's conduct.

### IV.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Infrashield respectfully requests that this Court enter judgment in its favor and against Defendant OPSWAT as follows:

1.    Entering a preliminary and permanent injunction pursuant to 15 USCS § 1116, and Federal Rule of Civil Procedure 65 ordering OPSWAT to immediately cease and desist from using "Protecting the World's Critical Infrastructure" or any other mark confusingly similar to Infrashield's "Protecting the World" trademark;

2.    Awarding Infrashield monetary damages pursuant to 15 U.S.C. § 1117 in an amount to be determined at trial, including disgorgement of OPSWAT's profits derived from its infringing conduct and Infrashield's actual damages resulting from OPSWAT's infringement;

3.    Awarding Infrashield enhanced damages pursuant to 15 U.S.C. § 1117 based on OPSWAT's willful infringement and unfair competition, including, but not limited to: 1. Plaintiff's damages, 2. Defendant's profits and 3. All costs and expenses incurred by Infrashield as a result of the trademark infringement, including the costs of these proceedings;

4.      Awarding Infrashield its costs and reasonable attorneys' fees, pre-judgment pursuant to 26 USCS § 6621(a)(2) and post-judgment interest; and

5.      Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Infrashield hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ William C. Parler, Jr.*
WILLIAM C. PARLER, JR., Of Counsel
Fed Bar No. 05087
William McComas, Esquire
Alexander Koronias, Esquire
Jensen & McComas, LLC
P.O. Box 339
Lutherville, Maryland 21094
(443) 323-0110
parler@jensen-mccomas.com
*Attorneys for Infrashield*